# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE MORALES, *et al.*,<br>        Plaintiffs<br><br>            v.<br><br>SECRETARY, U.S. DEPARTMENT OF<br>STATE, *et al.*,<br>        Defendants | Civil Action No. 16-1333 (CKK) |

## MEMORANDUM OPINION
(October 27, 2016)

This is a Freedom of Information Act ("FOIA") action, in which Plaintiffs Rene Morales and Estela Villa Linares seek records from the U.S. Department of State ("DOS") and the U.S. Department of Homeland Security ("DHS") relating to Plaintiff Linares' immigrant visa petition. Before the Court is Plaintiffs' [2] Emergency Motion for an Order for Defendants to Immediately Process their FOIA Request. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court DENIES Plaintiffs' [2] Emergency Motion.

## I.    BACKGROUND

Plaintiffs allege that they are married but are living apart from each other due to Plaintiff Linares' inability to obtain a visa to enter the United States from Mexico. Verified Compl. for Declaratory and Injunctive Relief, ECF No. 1, at ¶¶ 4-5. In 2010, Plaintiff Linares applied for

---

[1] The Court's consideration has focused on the following documents:
  • Pls.' Emergency Mot. for an Order for Defs. to Immediately Process FOIA Request ("Pl.'s Mot."), ECF No. 2;
  • Defs.' Memo. in Opp'n to Pls.' Mot. for Prelim. Inj. and Partial Mot. to Dismiss ("Defs.' Opp'n"), ECF No. 18;
  • Pls.' Reply to Defs.' Memo. in Opp'n to Pls.' Mot. for Prelim. Inj. and Response to Defs.' Partial Mot. to Dismiss ("Pls.' Reply"), ECF No. 20.
In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

but was denied an immigrant visa. *Id*. at ¶ 11.  Plaintiffs allege that on June 25, 2014, their counsel sent a FOIA request to DHS, seeking records regarding Plaintiff Linares' visa application. *Id*. at ¶ 14.  DHS responded that it did not possess the documents Plaintiffs requested, and suggested Plaintiffs direct their request to DOS. *Id*. at ¶ 15.  Plaintiffs' counsel allegedly did so on September 17, 2014, and later perfected that request with a Certification of Identity on December 3, 2014. *Id*. at ¶¶ 16-18.  DOS subsequently acknowledged receipt of the request on December 9, 2014. *Id*. at ¶ 19.  On May 20, 2015, Plaintiffs' counsel contacted DOS about the request, and DOS responded that the targeted completion date for Plaintiffs' request was December 2015. *Id*. at ¶ 21.  When Plaintiffs' counsel contacted DOS again in June, 2015, the targeted completion date had been extended to December 2016. *Id*. at ¶ 22.  Having not yet received a response to their FOIA request from DOS, Plaintiffs filed this Complaint on June 27, 2016. *Id*. at ¶ 23.  Plaintiffs allege a violation of FOIA, and also appear to allege that the underlying denial of Plaintiff Linares' visa application was unlawful. *Id*. at ¶¶ 29-30.

Simultaneously with filing their Complaint, Plaintiffs filed a brief "Emergency Motion for an Order for Defendants to Immediately Process FOIA Request."  Defendants interpret Plaintiffs' Motion as one for a preliminary injunction, and Plaintiffs do not dispute this characterization.  Plaintiffs ask the Court to order Defendants to immediately search for any and all records responsive to their FOIA request, demonstrate that they employed methods reasonably likely to lead to the discovery of responsive records, and produce any and all responsive records, along with a *Vaughn* index, within 20 days.  Pls.' Mot. at 2.  In support of their Motion, Plaintiffs incorporated by reference their Complaint, and stated that Plaintiff Linares had been "unable to enter the United States for nearly 7 years due to a denial of her visa." *Id*.

After service had been completed, Defendants sought, and Plaintiffs consented to, several extensions on Defendants' deadlines to respond to Plaintiffs' Motion and Complaint.  ECF Nos. 14-17.  The Court granted these Motions because the parties represented that they were seeking an informal resolution of this case.  As of September 28, 2016, Defendants represented that they are still in the process of locating and processing documents potentially responsive to Plaintiffs' request.  *See, e.g.*, ECF No. 17 at 2.  On October 13, 2016, however, Defendants filed a document entitled "Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and Partial Motion to Dismiss."[2]  Defs.' Opp'n.  Plaintiffs' Emergency Motion has now been fully briefed and is ripe for resolution.

## II.      LEGAL STANDARD

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." (emphasis in original; quotation marks omitted)).  "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."

---

[2] The caption of Defendants' Opposition indicates that it includes a "Partial Motion to Dismiss." Accordingly, by Minute Order on October 14, 2016, the Court set a briefing schedule for Defendants' Partial Motion to Dismiss.  However, as Plaintiffs point out, the body of Defendants' Opposition does not, in fact, state any grounds upon which any part of Plaintiffs' Complaint should be dismissed.  Defendants' [21] Motion for Partial Dismissal is accordingly DENIED WITHOUT PREJUDICE and the remaining briefing deadline associated with that Motion is VACATED.

*Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley*, 644 F.3d at 392 (quoting *Winter*, 555 U.S. at 20) (alteration in original; quotation marks omitted)).  "'When seeking a preliminary injunction, the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction.'"  *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014) (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)).  "The four factors have typically been evaluated on a 'sliding scale.'"  *Davis*, 571 F.3d at 1291 (citation omitted).  Under this sliding-scale framework, "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor."  *Id.* at 1291-92.

The Court notes that it is not clear whether this Circuit's sliding-scale approach to assessing the four preliminary injunction factors survives the Supreme Court's decision in *Winter*.  *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015).  Several judges on the United States Court of Appeals for the D.C. Circuit have "read *Winter* at least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.'"  *Sherley*, 644 F.3d at 393 (quoting *Davis*, 571 F.3d at 1296 (concurring opinion)).  However, the Court of Appeals has yet to hold definitively that *Winter* has displaced the sliding-scale analysis.  *See id.*; *see also Save Jobs USA*, 105 F. Supp. 3d at 112.  In any event, this Court need not resolve the viability of the sliding-scale approach today as the Court determines that "a preliminary injunction is not appropriate even under the less demanding sliding-scale analysis."  *Sherley*, 644 F.3d at 393.

### III.    DISCUSSION

The Court begins by noting that Plaintiffs did not request expedited processing of their FOIA request.  As Defendants explain, Defs.' Opp'n at 7-8, seeking expedited processing is the proper administrative procedure for requesting and obtaining prioritized resolution of a FOIA

4

request.  If such processing is not sought, a FOIA request joins the same "first-in, first-out" queue as all other FOIA requests an agency receives.  *Id*. at 7.  In this case, having failed to request such expedited processing administratively, Plaintiffs ask this Court to help them jump that queue and have their request processed before those of all of the other individuals waiting. Additionally, Plaintiffs make this ill-fated request in a Motion that fails to address any of the factors Plaintiffs must establish to warrant such preliminary injunctive relief.  For these reasons, Plaintiffs' Motion will be denied.

### A.  Plaintiffs Fail to Establish a Likelihood of Success on the Merits

First, Plaintiffs have not established any likelihood of success on the merits of their claims.  Defendants assert in their Opposition that the documents requested by Plaintiffs are protected from disclosure under FOIA because they come from the file of a consular official. The Court makes no determination as to the merits of that assertion at this time.  For the purposes of this Emergency Motion, it is sufficient to say that Plaintiffs' sole argument with regard to their likelihood of success is that they are unable to challenge this assertion because Defendants have not yet provided Plaintiffs with a *Vaughn* index.  But it is not *Defendants'* burden at this preliminary stage to show that the documents are exempt—it is *Plaintiffs'* burden to demonstrate that they are likely to succeed on the merits of their claims.  Plaintiffs have offered the Court nothing that would satisfy that burden.  Moreover, to the extent Plaintiffs are claiming that they were wrongfully denied expedited processing of their FOIA request, that claim fails for the obvious reason that Plaintiffs concede they did not request expedited processing.

### B.  Plaintiffs Fail to Show Irreparable Injury

Plaintiffs have also not made a sufficient showing that they will suffer irreparable injury if an injunction is not issued.  To show that a preliminary injunction is warranted, Plaintiffs must

demonstrate that there is a likelihood of irreparable harm.  *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("A movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief.").  The Court of Appeals for the D.C. Circuit "has set a high standard for irreparable injury."  *Id.*  "First, the injury 'must be both certain and great; it must be actual and not theoretical.'"  *Id.* (citation omitted).  "Second, the injury must be beyond remediation."  *Id.*

Here, Plaintiffs argue that they will suffer irreparable harm in the absence of injunctive relief because they will be denied the opportunity to live together as a married couple.  But by Plaintiffs' own calculation, they have already been suffering this injury for approximately seven years.  Moreover, there is no clear causal connection between Plaintiffs obtaining Linares' immigration records and Linares being allowed to enter the United States.  Plaintiffs may be arguing that once they have Linares' papers, they could mount an effective challenge to the decision to deny her a visa, but they fall far short of demonstrating that that this outcome is "certain," as opposed to "theoretical."  *Chaplaincy,* 454 F.3d at 297.  Moreover, as Plaintiffs concede, they did not seek expedited processing of their FOIA request from the agencies at issue.  Plaintiffs' characterization of their request in this case as an "emergency" is accordingly placed in doubt.  Finally, being denied immediate access to Plaintiff Linares' records is not an *irreparable* harm.  When Defendants have finished processing Plaintiffs' request, Plaintiffs will have the opportunity to exhaust their administrative remedies and then file motions in this Court challenging the adequacy of Defendants' responses, if necessary.

### C. Public Interest and the Balance of Hardships

Finally, the Court finds that Plaintiffs have not shown that the public interest or the balance of hardships weigh in favor of granting injunctive relief. "These factors merge when the Government is the opposing party." *FBME Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 127 (D.D.C. 2015) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). As Plaintiffs state, "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). In this case, the Court does not find that granting an injunction would help to "ensure an informed citizenry," *id.*, in any significant way—Plaintiffs are in effect asking that the Government expend resources to quickly process *their* personal records for personal reasons, before processing the records of other requesters. Granting the type of request made by Plaintiffs would harm others waiting for their FOIA requests to be processed, and would erode the proper functioning of the FOIA system. The Court finds persuasive Defendants' concern that if the Court were to grant Plaintiffs' "Emergency Motion," it would undercut the FOIA process by incentivizing others to bypass the administrative scheme in place for obtaining expedited processing by filing "emergency" motions with the Court. The Court will not sanction this type of end-run of the administrative process.

## IV.    CONCLUSION

For the foregoing reasons Plaintiffs' [2] Emergency Motion is DENIED. An appropriate Order accompanies this Memorandum Opinion.

Dated: October 27, 2016

                                    /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge

7